Herman M. Hale and Louberta M. Hale, et al. [1] v. Commissioner. Hale v. Commissioner
Docket Nos. 1395-63, 1396-63, 1401-63 - 1403-63. . 1966-163.
United States Tax Court
T.C. Memo 1966-163; 1966 Tax Ct. Memo LEXIS 118; 25 T.C.M. (CCH) 857; T.C.M. (RIA) 66163; July 12, 1966
*118 Joseph Henry Wolf and Paul Wyler, for the petitioners in Docket Nos. 1395-63 and 1396-63. Douglas W. Argue, for the petitioners in Docket Nos. 1401-63, 1402-63, and 1403-63. Roger Rhodes, for the respondent. FAY
Supplemental Memorandum Findings of Fact and Opinion FAY, Judge: In our Memorandum Findings of Fact and Opinion in , filed October 13, 1965, it was specified that decisions would be entered under Rule 50. The parties being unable to agree on the necessary computations, a hearing was held in Los Angeles, California, and memorandum briefs were subsequently filed. The question we must now consider is the amount of income, if any, subject to taxation in the year in which the sales agreement was executed. Findings of Fact During the years in issue, petitioners Herman M. Hale and Samuel J. Berland (hereinafter collectively referred to as petitioners) reported their income for Federal tax purposes on the cash basis. At all times relevant hereto, petitioners were partners in The Hale Company (hereinafter referred to as Hale Co.). Hale Co. computed its income on the cash basis. By written agreement executed on *119 April 9, 1955 (hereinafter referred to as the sales agreement), Hale Co. agreed to sell 90 percent of its partnership interest in Walnut Co. to D-K Investment Corporation (hereinafter referred to as D-K) for a consideration of $125,000. The sales agreement which was the only evidence of the sales transaction provided that the purchase price was payable in stated unequal cash installments throughout a period of one year. In actual fact, the installment payments were made over a period of approximately two years and eight months. In our previous opinion, we held that the foregoing transaction constituted an assignment of income. Opinion Respondent contends that the amount of $125,000 alluded to above is taxable to petitioners in 1956 on the grounds that the sales agreement was the "equivalent of cash" to the full extent of its face value. Petitioners argue that since they and Hale Co. utilized the cash method of reporting income, any tax liability on their part resulting from the sales transaction involved herein should arise only upon the actual receipt from D-K of installment payments on the purchase price pursuant to the sales agreement. The deferred payments to be received *120 by Hale Co. for the sale of 90 percent of its partnership interest in Walnut Co. to D-K were evidenced only by the sales agreement; no notes, bonds, or other evidences of indebtedness were given. Thus, we are concerned here with a simple contract to pay in the future the purchase price on the sale of a partnership interest. Petitioners and Hale Co., at all times relevant hereto, computed their income on the cash basis. On the facts presented herein, we hold that the face amount of the sales agreement ($125,000) should not be treated as the "equivalent of cash." See . Accordingly, we uphold petitioners and they, therefore, incur Federal income liability with respect to the matter in issue only upon the actual receipt via Hale Co. of installment payments pursuant to the sales agreement from D-K. Decisions will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Samuel J. Berland and Lillian Berland, Docket No. 1396-63; William H. Godbey and Vivian A. Godbey, Docket No. 1401-63; Charles L. Godbey and Geraldine L. Godbey, Docket No. 1402-63; and Dexter L. Godbey and Iva F. Godbey, Docket No. 1403-63.↩